1   Margret Petros
2   20 Los Altos Avenue
    Los Altos, CA 94022
3   Pro Se Defendant

4   Hazim Petros
    20 Los Altos Avenue
5   Los Altos, CA 94022
    Pro Se Defendant
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10          Division *[check one]*: ☐ San Francisco ☐ Oakland ☑ San Jose ☐ Eureka

11

12   DOUGLAS POWERS                          Case No. 5:19-cv-05642-VKD

13                  Plaintiff,              **MOTION TO DISMISS**

14          v.

15   MAD VAPATORY LLC, HAZIM                 Date:  January 28, 2020
     PETROS, MARGARET PETROS, and
16   DOES 1-10, inclusive,                   Time: 10:00 a.m.

17                  Defendants.              Courtroom: 2

18                                           Judge:  Hon. Virginia K. DeMarchi

19

20                         **NOTICE OF MOTION**

21
          PLEASE TAKE NOTICE that on January 28, 2020, at 10:00 a.m. at 280 S. 1st Street, San
22
23   Jose, CA 95113, in Courtroom 2 – 5th Floor Defendants, Margaret Petros and Hazim Petros will

24   and hereby do move for an order granting this Motion to Dismiss.  The motion will be based on

25   this Notice and Motion, the Memorandum of Points and Authorities below, and the Declaration of

26   Margaret Petros.

27

28                                        1

## ISSUES TO BE DECIDED

1. Whether the Court lacks subject matter jurisdiction over this case because Plaintiff's claims under the Americans with Disabilities Act are moot and as a result the ADA claims against us must be dismissed;

2. Whether the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim should the Court dismiss the Americans with Disabilities Act claim.

## STATEMENT OF FACTS

We, Margaret Petros and Hazim Petros, own the property located at the addresses 2905, 2907, 2915 and 2917 on El Camino Real in Santa Clara, California. See Declaration of Margaret Petros ("Petros Decl.") ¶ 3. We were previously defendants in an ADA accessibility lawsuit regarding our property, brought by Scott Johnson. Petros Decl. ¶ 5. On November 9, 2017, Plaintiff Scott Johnson filed a complaint against us as individual defendants together with two of the tenants at the property, Mad Vapatory LLC and Merwais Nabizada Inc. *Johnson v. Petros et al.,* 5:17-cv-06508-HRL, ECF 1, Petros Decl. ¶ 5. During the pendency of that case, we hired a CASp Certified Access Consultant, Kelly Bray #366 to evaluate our property and make recommendations as how to remediate certain alleged access barriers under federal and state law. Petros Decl. ¶ 6. Mr. Kelly produced an inspection report that recommended certain barrier removal. Petros Decl. ¶ 6. We made every change recommended in Mr. Kelly's report. Petros Decl. ¶ 6. In connection with Mr. Bray's inspection we received CASp Access Inspected certificates for each address at the property, dated November 29, 2017. Petros Decl. ¶ 7. The parties to the lawsuit ultimately reached a settlement and the case was voluntarily dismissed on May 23, 2018. *Johnson v. Petros et al.,* 5:17-cv-06508-HRL, ECF 23, Petros Decl. ¶ 8.

Now, we, as owners of the property located at the addresses 2905, 2907, 2915 and 2917 on El Camino Real in Santa Clara, California, have been sued *again* together with one of our

tenants Mad Vapatory LLC, this time by Mr. Powers. As a result, we asked CASp Inspector Mr. Bray to come back to our property and verify that we are in compliance with federal and state access laws. Petros Decl. ¶ 9. Mr. Bray evaluated the property after reviewing the Complaint filed by Plaintiff Powers and the allegations it contains about access barriers. Petros Decl. ¶ 9. After the inspection, Mr. Bray produced a "Statement of Accessibility Compliance" dated November 15, 2019 that states, for "Location: Retail spaces 2905,2907,2915,2917 El Camino Real Santa Clara Ca.:

> This is to certify that I have inspected the exterior and adjoining parking at the above named location for accessibility compliance standards as outlined in the standards for accessible Design for alterations included in appendix A to the Title III implementing regulations for the Americans with disabilities Act of 1990, and section 11B of the 2016 California building code, as amended, and the areas as described meet those standards."

*See* Exhibit B to Petros Decl. ¶ 9. Mr. Bray's inspection covered all of the alleged barriers to access identified in the Complaint, specifically:

- "No unauthorized vehicle parking tow away warning sign mounted at either the entrance to off-street parking or immediately adjacent to and visible from disabled parking areas;

- No accessible route from disabled parking to entrance of Facility;

- No accessible route from public street and sidewalk to entrance of Facility;

- No accessible route connecting buildings, facilities, elements, and spaces at the Facility;

- No van accessible disabled parking space and/or adjacent access aisle;

- No compliant disabled parking identification signage;

- Entrance door to the Facility does not have a 10" uninterrupted smooth surface on the push side of the door; and

- The entrance door requires more than 5lbs of maximum force to operate."

Complaint at 3-4.  ECF 1.  Petros Decl. ¶ 9.

As a direct result of this lawsuit Defendant Mad Vapatory LLC is going out of business. Petros Decl. ¶ 10.  On November 30, 2019, Mad Vapatory LLC vacated the property.

Based on these facts, we respectfully request that the Court dismiss the ADA claims against us for lack of subject-matter jurisdiction, because Plaintiff's claims are moot.  We further request that the Court decline to exercises supplemental jurisdiction over the remaining state law claims.

## ARGUMENT

### I.     GENERAL ORDER NO. 56 DOES NOT PREVENT THIS MOTION FROM BEING ADJUDICATED

As explained in *Johnson v. Otter,* 2019 WL 452040, *2, (N.D. Cal. February 5, 2019), 18-cv-01689-BLF:

"General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and "dictates an early case management process that has been tailored to ADA access cases filed in this district." *See Johnson v. Sebanc*, No. 18-cv-00585-DMR, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018); *see also Johnson v. Winchester Campbell Props., LLC*, No. 18-cv-04153-VKD, 2018 WL 661994, at *2 (N.D. Cal. Dec. 18, 2018). In particular, judges in this District have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings. *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds"); *Che v. San

*Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381 BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("Upon further review of General Order 56, the Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint.").

*See also, Johnson v. Torres Enterprises LP*, et al., 2019 WL 285198, *2, (N.D. Cal. Jan. 22, 2019), 18-cv-02929-VKD.

## II.   PLAINTIFF'S ADA CLAIM FOR INJUNCTIVE RELIEF IS MOOT

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985).

As explained by the court in *Langer v. McKelvy*, 2015 WL 13447522, *2, (C.D. Cal. Sept. 24, 2015:

"The ADA authorizes court to provide injunctive relief and order a defendant to remove architectural barriers thereby making a facility "readily accessible" for individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iv). A plaintiff cannot, however, seek monetary damages under the ADA, which means that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). When a defendant voluntarily modifies her property to remedy alleged ADA violations, the plaintiff no longer has a live case or controversy because he has received the only relief to which he would be entitled

1    if the court were to issue an injunction. *Grove v. De La Cruz*, 407 F.Supp. 2d 1126, 1130

2    (C.D. Cal. 2005)

3        We respectfully request that this Court reach the same result as the case in *Langer* because

4    the facts of this case are the same as the facts in that case. Like in *Langer,* in this case we have

5    presented evidence demonstrating that our facility is in compliance with the ADA and Title 24 of

6    the California Building Code, and therefore Plaintiff's ADA claim is moot. Petros Decl. ¶ 9.

7    After we were served with Plaintiff's Complaint, we asked Kelly Bray, a certified CASp

8    Accessibility Inspector to return to our facility and inspect it again. Petros Decl. ¶ 9. Mr. Bray

9

10    reviewed Mr. Powers's Complaint and evaluated our facility and confirmed that the alleged

11    access barriers identified by Mr. Powers in his Complaint were in fact not access barriers at all,

12    and that the facility was in compliance with federal and state law. Petros Decl. ¶ 9. Any access

13    barriers that may have existed at the four retail facilities we own were all addressed and

14    remediated as we followed all of Mr. Bray's recommendations following his inspection of our

15

16    properties after the first lawsuit brought against us by Mr. Johnson. Petros Decl. ¶ 9.

17        In view of the record before the Court, Mr. Powers cannot plausibly expect to encounter

18    any of the alleged barriers in the future. *Moore*, 708 F. App'x at 485; *see also City of Los Angeles*

19    *v. Lyons*, 461 U.S. 95, 111 (1983). The Court should find Mr. Powers's ADA claim moot and on

20    that basis grant our motion to dismiss for lack of subject matter jurisdiction. *See e.g. Langer v.*

21

22    *McKelvy* (C.D. Cal., Sept. 24, 2015, No. CV1408842RGKJPRX) 2015 WL 13447522, at *2, *aff'd*

23    (9th Cir. 2017) 677 Fed.Appx. 363.

24    //

25    //

26    //

27    //

28

1   **III.   BECAUSE PLAINTIFF'S ADA CLAIM IS MOOT THE COURT SHOULD**
2   **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER**
    **PLAINTIFF'S UNRUH ACT CLAIM**

3          Here, the complaint asserts a claim for violation of the Unruh Act based solely on a

4   violation of the ADA; it does not assert an independent Unruh Act violation for "intentional

5   discrimination in public accommodations in violation of the terms of the Act" or "willful,

6   affirmative misconduct." *See* ECF 1, ¶¶ 25-32; *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024

7

8   (N.D. Cal. 2012) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).  Therefore,

9   because Mr. Powers's ADA claim is moot, his Unruh Act claim is likewise moot. *Hernandez v.*

10  *Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) ("Where a state-law claim is

11  based entirely on a mooted ADA claim, it follows that the state-law claim is mooted as well.");

12  *see also Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618–19 (9th Cir. 2011) (holding that

13

14  an Unruh Act claim alone does not independently sustain federal court jurisdiction merely

15  because the Unruh Act incorporates an ADA violation as an element); *Wander*, 304 F.3d at 857

16  (same).  Because this case is in its' preliminary stages, judicial economy would be best served if

17  the Court declined to exercise supplemental jurisdiction.  *See Johnson v. Torres Enterprises LP,*

18  et al., 2019 WL 285198, *4, (N.D. Cal. Jan. 22, 2019), 18-cv-02929-VKD (citing cases).

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONCLUSION

Based on the foregoing, we, Defendants Margaret Petros and Hazim Petros, respectfully request that the Court dismiss this case for lack of subject matter jurisdiction because a CASp Accessibility Inspector evaluated our facility with respect to the allegations made by Mr. Powers in his complaint and the inspector determined that our facilities are in full compliance with federal and state accessibility laws. We further respectfully request that the Court decline to exercise supplemental jurisdiction over the remaining state law claim under the Unruh Act.

Dated: 12/23/2019 .                    MARGARET PETROS

Signature: _Margaret Petros_____

Dated: 12/23/2019                      Name: HAZIM PETROS

Signature: _Hazim Petros_____